UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL SHANE SMITH, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No: 2:20-cv-90 |
| | ) Judge Christopher H. Steger |
| ANDREW SAUL, | ) |
| Commissioner of Social Security Administration, | ) |
| *Defendant*. | ) |

# MEMORANDUM OPINION

## I. Introduction

Plaintiff Michael Smith seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial of disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 19].

For reasons that follow, Plaintiff's Motion Judgment on the Pleadings [Doc. 20] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 22] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

## II. Procedural History

In May 2016, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability as of July 1, 2012. (Tr. 27). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before an administrative

law judge. (*Id.*).

In January 2019, an administrative law judge ("ALJ") heard testimony from Plaintiff, Plaintiff's attorney, and a vocational expert. (*Id.*). The ALJ then rendered her decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 40). Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial. That request was denied. (Tr. 1). Exhausting his administrative remedies, Plaintiff then filed his Complaint, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017.

2. Plaintiff had not engaged in substantial gainful activity since July 1, 2012, the alleged onset date through his date last insured, December 31, 2017. (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

3. Plaintiff had the following medically determinable impairments: Becker Muscular Dystrophy ("BMD"), asthma/chronic obstructive pulmonary disease ("COPD"), hypertension, obesity, and depressive disorder. (20 C.F.R. §§ 404.1520(c) *et. seq.* and 416.920(c) *et seq.*).

4. Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. Subject to certain limitations, Plaintiff has the residual functional capacity to perform "sedentary work" as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).

6. Plaintiff was born on August 23, 1977, and was 40 years old, which is defined as a younger individual age 18-44, on the date last insured (20 C.F.R. §§ 404.1563 and 416.963).

7. Plaintiff is unable to perform past relevant work. (20 C.F.R. §§ 404.1565

and 416.965).

8. Plaintiff has not been under a disability, as defined in the Social Security Act, from July 1, 2012, through December 31, 2017, the date last insured (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. at 27-40).

## IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, plaintiffs must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, they are not disabled; (2) if a claimant does not have a severe impairment, they are not disabled; (3) if the claimant's impairment meets or equals a listed impairment, they are disabled; (4) if the claimant is capable of returning to work they have done in the past, they are not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, they are not disabled. *Id.*

If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that they cannot

return to their former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering their age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching their decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence supports a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

V.     Analysis

Plaintiff contends that substantial evidence does not support the ALJ's decision because: (1) Plaintiff's impairment meets or equals a listed impairment—specifically, Listing § 11.13; (2) Plaintiff is incapable of performing the jobs that the vocational expert said he could perform because Plaintiff requires the use of a hand-held assistive device; and (3) The ALJ erred in assessing Plaintiff's symptoms under S.S.R. 16-3p. The Court will address these issues in turn.

A.     Listing § 11.13

Plaintiff first contends that he is disabled because his impairment meets or equals a listed impairment. More specifically, he argues that the ALJ erred by finding that he did not meet Listing § 11.13. [Doc. 21 at PageID #: 1217-19]. According to Plaintiff, "[a]s early as October 2012, the Cole Neuroscience Center noted that the Plaintiff had significant difficulty in getting up from a chair or the floor and had a tendency to fall." [*Id.* at PageID #: 1218]. Plaintiff also pointed to the opinions of Drs. Puckett and Blaine as further evidence that Plaintiff met Listing § 11.13. The Commissioner countered that Plaintiff did not satisfy the Listing § 11.13's requirements. [Doc. 23 at PageID #: 1236].

At step three of the five-step sequential evaluation, claimants may be found disabled if their impairment meets, or medically equals, one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c). Only when an impairment satisfies all of the listing's criteria will the impairment be found to meet a listed impairment. §

404.1525(d). "[A] claimant has the burden of demonstrating that her impairment meets or equals a listed impairment" and that "[a] claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment to be found disabled thereunder." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Plaintiffs bear the burden of showing that they meet a listed impairment at the third step of the sequential evaluation. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment satisfies the listing only when it manifests the specific findings described in that particular impairment's medical criteria. 20 C.F.R. § 416.925(d). Plaintiffs do not satisfy a listing unless all of the requirements of the listing are present. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). *See also Thacker v. Soc. Sec. Admin.*, 93 Fed. App'x. 725, 728 (6th Cir. 2004) ("When a claimant alleges that [they] meet or equal a listed impairment, [they] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."). Our appellate court has rejected a heightened standard for assessing a step-three listing, noting that "the ALJ is under no obligation to spell out 'every consideration that went into the step three determination' or 'the weight he gave each factor in his step three analysis[.]'" *Staggs v. Astrue*, 2011 WL 3444014, at *3 (M.D. Tenn. Aug. 8, 2011) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)).

In this case, Plaintiff offers only a conclusory argument that his impairments met Listing § 11.13; thus, Plaintiff has essentially waived this challenge on appeal. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (noting that "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]'"). *See also Erline Co. S.A. v. Johnson*, 440 F.3d 647, 653 n.7 (4th Cir. 2006) (a "[c]onclusory remark is insufficient to raise on

appeal any merits-based challenge"); *Sedghi v. PatchLink Corp.*, 440 F. App'x 165, 167 (4th Cir. 2011) ("By advancing only a conclusory argument, Sedghi has likely waived the issue."). Nevertheless, even a cursory review of the ALJ's third-step determination demonstrates that the ALJ made factual findings that led to the ultimate conclusion that Plaintiff did not meet or equal a listing. (Tr. at 30-33).

Section 11.13 requires a showing of "disorganization of motor function in two extremities resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; OR marked limitation in physical functioning and in one of the following: understanding, remembering, or applying information; or interacting with others; or concentrating, persisting, or maintaining pace; or adapting or managing oneself. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 11.13. An extreme limitation is defined as the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities. *Id.* at § 11.00D2. An inability to stand up from a seated position means that once seated, you cannot stand and maintain an upright position without the assistance of another person or the use of an assistive device such as a walker, two crutches, or two canes. *Id.* at §11.00D2(a). Similarly, the inability to maintain balance in a standing position means that you cannot maintain an upright position while standing or walking without the assistance of another person or an assistive device such as a walker, two crutches, or two canes. *Id*. at §11.00D2(b).

Notably, in this case, Plaintiff presented no evidence demonstrating that he has ever required two canes, crutches, or a walker. The ALJ discussed the July 2015 evidence reflecting a normal range of motion, muscle strength, and stability in all extremities. (Tr. 34, 376). Although Plaintiff rose from a sitting position to standing very slowly, he was able to do so and did not

require assistance from another person or device. (Tr. 376). In August 2015, Plaintiff used one cane, not two. (Tr. 34, 369). The ALJ further noted that Dr. Blaine's examination notes indicated that Plaintiff stated that he used a "walking stick" as needed; still, he got up from his chair and onto the examination table without difficulty. (Tr. 35, 409). Dr. Blaine noted a normal station and mild limp. (Tr. 410). Despite moderate to severe balance difficulty during tandem walking, Dr. Blaine did not indicate that an assistive device was necessary. (*Id.*). In November 2016, Plaintiff reported that he took walks outside and did his laundry, chores, and cooking. (Tr. 414). In January 2017, Plaintiff had an unstable gait, and he used a cane. (Tr. 562). But, consistent with the other evidence of record, there was no indication that Plaintiff used two canes, crutches, or a walker as required by Listing § 11.13.

### B. Plaintiff's Residual Functional Capacity

Plaintiff further contends that the ALJ erred by omitting certain limitations concerning Plaintiff's residual functional capacity ("RFC"). In particular, Plaintiff faults the ALJ for failing to consider that the "evidence is overwhelming that the Plaintiff requires the use of a cane to ambulate." [Doc. 21 at PageID #: 1220].

The ALJ is responsible for making an RFC determination after reviewing all of the relevant evidence. *Rudd v. Comm'r of Soc. Sec.*, No. 12-6136, 2013 WL 4767020, at *8 (6th Cir. Sept. 5, 2013). An RFC determination includes a review of both medical and non-medical evidence. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. Aug. 18, 2009). Courts do not disturb an ALJ's RFC determination so long as substantial evidence supports the finding. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Here, in evaluating the RFC, the ALJ properly weighed the medical opinions and record. (Tr. 33-40). As discussed, examination evidence reflected Plaintiff's use of a cane on an "as

needed" basis. *See* (Tr. 335 ([p]rescription for single-point cane was given), 343 (pads of the cane are appropriately worn)). Although Plaintiff may disagree with the ALJ's RFC determination, the Court must affirm if substantial evidence supports the ALJ's decision. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached."). Accordingly, the Court finds the Plaintiff's argument as to his RFC is insufficient to demonstrate reversible error.

        **C.**      **The ALJ's Assessment Under S.S.R. 16-3p**

Lastly, Plaintiff faults the ALJ's assessment under S.S.R. 16-3p based upon Plaintiff's subjective testimony. [Doc. 21 at PageID #: 1222-23]. Contrary to Plaintiff's argument, in evaluating the RFC, the ALJ properly weighed the medical opinions and record. (Tr. 33-40). As discussed, examination evidence reflected Plaintiff's use of a cane on an "as needed" basis. *See infra.* Despite his alleged asthma, Plaintiff continued to smoke, (Tr. 335 (smoking+), 426 (continues to smoke a pack per day), 551 (smokes about half a pack to a pack a day)) and the evidence described no respiratory distress and clear lungs, with only occasional wheezing (Tr. 344 (respiratory clear), 376 (wheezing-inspiratory), 380 (bilateral posterior wheezing-moderate), 551 (dry cough and wheezing) and exertion-induced shortness of breath which were controlled with medication, (Tr. 381 (medications ordered, scheduled for Nebulizer), 427 (medication oral route and inhalation order/continued), 556 (wheezing, doing well with asthma and uses albuterol about every other day)). Plaintiff's hypertension was also controlled with medication (Tr. 426), but he was frequently non-compliant with treatment (Tr. 35 (not checking blood pressure at home as advised, weight increased, was advised to start a diet and exercise regimen on multiple occasions), 556 (out of medication for about 2 weeks)). Disability is not supported when an individual's

impairments are improved with medications. *See Smith v. Comm'r of Soc. Sec. Admin.*, 564 F. App'x 758, 763 (6th Cir. 2014) (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (evidence that medical issues can be improved when using prescribed drugs supports the denial of disability benefits)).

The ALJ may consider a "record of any treatment and its success or failure, including any side effects of medications." SSR 16-3p. While the foregoing medical evidence reflects some difficulties, the ALJ properly considered and accommodated Plaintiff's functional limitations in the RFC. The ALJ also considered and properly weighed medical opinion evidence. *See Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("In a battle of the experts, the agency decides who wins. The fact that Justice now disagrees with the ALJ's decision does not mean that the decision is unsupported by substantial evidence."). Physically, Dr. Johnson opined that Plaintiff could lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk 4 hours, sit 6 hours, and occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, and scaffolds. (Tr. 37, 115). Dr. Johnson assessed that Plaintiff may use a cane for ambulation over 200 feet and he should avoid pulmonary irritants and workplace hazards. (Tr. 37, 115-16). The ALJ granted Dr. Johnson's opinion some weight, but he further limited Plaintiff to sedentary work based upon the evidence. (Tr. 37). *See Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 590 (6th Cir. 2019) ("We regularly find that substantial evidence supports a non-disability determination when the ALJ relies primarily on independent medical advice consistent with the claimant's medical records.").

Dr. Blaine opined that Plaintiff could sit for eight hours with reasonable breaks and stand or walk for about three hours in an eight-hour day limited by muscle pain, weakness, and fatigue. (Tr. 410). He could also lift and carry 10 pounds frequently and probably 30 to 40 pounds

infrequently. (*Id*.). The ALJ correctly granted significant weight to Dr. Blaine's opinion because he examined Plaintiff; he reviewed a function report, multiple imaging reports, and some neurology office notes; and his opined limitations were generally consistent with the examination findings reflecting full bilateral grip strength, slightly reduced extremity strength, and other examination findings. (Tr. 37). The ALJ is permitted to consider and give weight to the opinions of consulting doctors. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 402 (1971)). The ALJ did not, accordingly, err in assessing Plaintiff's conditions under S.S.R. 16-3p.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 20] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 22] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE